[Cite as *In re S.F.*, 2016-Ohio-521.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:

        S.F.

:
:    Appellate Case No. 26865
:
:    Trial Court Case No. 2011-7899
:
:    (Juvenile Appeal from
:     Common Pleas Court)
:
:
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of February, 2016.

. . . . . . . . . . .

PRIYA D. TAMILARASAN, Atty. Reg. No. 0086376, 34 West Whittier Street, Columbus, Ohio 43206
    Attorney for Appellant

KATE L. BOWLING, Atty. Reg. No. 0084442, Bowling Law Offices, 2521 Far Hills Avenue, Dayton, Ohio 45419
    Attorney for Appellee

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} A.G. appeals from a judgment of the Montgomery County Court of Common

Pleas, Juvenile Division, awarding custody of her daughter, S.F., to the child's natural father, D.C. A.G. contends that the trial court abused its discretion by failing to grant a continuance of the hearing. She further contends that the Guardian ad Litem failed to make any recommendation, thereby precluding the trial court from adequately considering the best interest factors set forth in R.C. 3109.04.

{¶ 2} We conclude that the trial court did not abuse its discretion by overruling the motion for a continuance, made at the start of the hearing, and that the matters raised in the motion were properly examined during the hearing. We further conclude that the GAL did make a recommendation to the court, and that the trial court properly considered the best interest factors.

{¶ 3} Accordingly, the judgment of the juvenile court is Affirmed.

## I. The Course of Proceedings

{¶ 4} The parties, A.G. and D.C., are the unmarried parents of S.F., who was born in 2011. In 2011, D.C. moved for shared parenting, or alternatively, parenting time. In March 2012, the juvenile court awarded D.C. parenting time pursuant to the Standard Order of Parenting Time. Both parties complied with the order from 2012 until 2014, when A.G. began denying D.C. his parenting time. In August 2014, D.C. moved for an order of contempt, and for legal custody.

{¶ 5} Following a hearing, a magistrate awarded legal custody of the child to D.C. A.G. moved for, and was granted, leave to file supplemental objections out of time. But A.G. never filed any further objections. Thereafter, the juvenile court adopted the decision of the magistrate.

{¶ 6} A.G. appeals.

**II. The Guardian ad Litem's Failure to Reduce his Recommendation to Writing Before the Hearing Does Not Rise to the Level of Plain Error; the Record Reflects that the Trial Court Did Consider Relevant Statutory Factors in Determining the Best Interests of the Child**

{¶ 7} A.G.'s First Assignment of Error states as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE RELEVANT STATUTORY FACTORS IN R.C. 3109.04(F).

{¶ 8} A.G. contends that the Guardian ad Litem failed to discharge his duties by failing to submit a report, arguing that "the record is devoid of any official or unofficial recommendation of the guardian ad litem." Based upon this assertion, A.G. claims that the juvenile court has failed to consider a report or recommendation by the GAL, and therefore, was not able to give proper consideration to the factors set forth in R.C. 3109.04(F).

{¶ 9} Although the GAL did not provide a written report, he did set forth his recommendation on the record. At the hearing, the GAL recommended that legal custody by awarded to D.C. The GAL also stated that he had met with the child and the parties, and had reviewed all the records in the case. The GAL also indicated that a technical problem with his office computer had prevented him from generating a written report.

{¶ 10} Before the magistrate, A.G. failed to take any exception the GAL's performance, or lack thereof. Likewise, she failed to assert an objection to the

magistrate's decision based upon this issue, raising instead only a general objection. Since a general objection is "effectively no objection at all," we review any claim of error under a plain-error standard, rather than the abuse-of-discretion standard suggested by A.G. *In re N.M.*, 2d Dist. Montgomery Nos. 26469 and 26482, 2015-Ohio-2180, ¶ 8.

{¶ 11} A.G.'s first contention is that the GAL did not properly discharge his duties. Sup.R. 48(D) sets forth the responsibilities of the GAL. There is no allegation that the GAL in this case failed to meet any of the enumerated duties set forth in that rule. Sup.R. 48(F) requires a GAL to prepare and submit a written recommendation to the court and the parties. The GAL did fail to comply with this requirement. However, the GAL, on the record at the hearing, provided a reasonable explanation for the lack of a written report, which was not disputed. Furthermore, the GAL stated his findings, and had with him, available for the parties to inspect, all the documents and records upon which he relied in making his recommendation. Because the GAL's only deficiency was his failure to file a written report, all of his documents were available at the hearing, and he stated his recommendation orally at the hearing, we find no plain error in his failure to submit a written report; the outcome of the hearing would not likely have been different if he had reduced his recommendation to writing.

{¶ 12} Next, A.G. contends that the juvenile court was not able to properly consider the best interest factors set forth in R.C. 3109.04(F) due to the fact that the GAL "fail[ed] to perform his duty in creating a recommendation and relaying such to the court and the parties." We find no support for this claim. The GAL set forth his recommendation upon the record at the hearing. There is no indication that the court was unable to consider the best interests of the child. Indeed, we note that the trial court did consider the best

interest factors set forth in R.C. 3109.04(F), as explicitly stated in its judgment. A.G. does not present any specific argument regarding any deficiency in the factors found by the court, and we conclude that the court's findings are supported by the evidence in the record.

{¶ 13} A.G.'s First Assignment of Error is overruled.

### III. The Trial Court Did Not Abuse its Discretion in Overruling a Motion for a Continuance Made at the Commencement of the Hearing

{¶ 14} A.G.'s Second Assignment of Error provides:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE MOTION FOR CONTINUANCE BY THE GUARDIAN AD LITEM AND TRIAL COUNSEL FOR APPELLANT.

{¶ 15} A.G. contends that the trial court abused its discretion when it overruled a motion for continuance made by her attorney and the GAL at the beginning of the hearing.

{¶ 16} At the outset of the hearing, the GAL moved for a continuance, stating that information had been presented to him over the past few days that he had not been able to investigate fully. A.G.'s counsel joined in the motion, noting that the matter involved a civil protection order entered against A.G. enjoining her from being around one of her other children, who is not a party to this action. Counsel for D.C. then noted that she intended to introduce evidence regarding the CPO, because it related to the child's best interest and to the credibility of A.G. The court overruled the motion for continuance.

{¶ 17} The granting or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial judge, which will not be reversed absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). The term

"an abuse of discretion" is used to indicate that a court's decision is unreasonable, arbitrary and unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 18} We conclude that the trial court did not abuse its discretion in refusing to grant a continuance. The request was late, coming at the commencement of the hearing, and the proffered reason for the requested continuance involved an issue that was fully explored during the hearing. A.G. has not cited, nor can we find, any prejudice suffered because of the court's denial of the requested continuance. Accordingly, the Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 19} Both of A.G.'s assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Priya D. Tamilarasan
Kate L. Bowling
Hon. Nick Kuntz